**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |   |
|---|---|---|
| MARCUS KURZ<br>        Plaintiff<br><br>vs.<br><br>NATIONWIDE CREDIT, INC.<br>        Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Marcus Kurz, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Marcus Kurz (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Marcus Kurz ("Plaintiff") is an adult natural person with a mailing address of 2020 Walnut Street, Apartment 11D, Philadelphia, PA 19103.

5. Defendant, Nationwide Credit, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Arizona with a registered office located at 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101 and a principal office located at 2015 Vaughn Road, NW, Keensaw, Georgia 30144-7801.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around the early part of November, 2009, Plaintiff started to receive calls from Defendant in regards to a debt allegedly owed on an American Express Travel Services account.

8. Plaintiff was informed that the Defendant was collecting a balance of approximately $6,688.15.

9. On or about November 2, 2009, Defendant sent a letter to Plaintiff offering a settlement on behalf of American Express in the amount of $2,400.00. **See Exhibit "A" (letter) attached hereto.**

10. Plaintiff was asked to make payments in the amount of $300 starting on November 20, 2009 and concluding on June 20, 2010.

11. Plaintiff is engaged in the services of the law firm of Persels & Associates, LLC to help aid him in the settlement of his debt and with their help he accepted the settlement offer from the defendant.

12. On or about November 9, 2009, Persels sent the first check to the Defendant in the amount of $300.00. **See Exhibit "B" (check) attached hereto**.

13. Defendant accepted and deposited first payment on behalf of American Express.

14. On or about December 9, 2009, Persels sent the second check due to the Defendant in the amount of $300.00. **See Exhibit "C" (check) attached hereto**.

15. On or about December 22, 2009, Plaintiff received a notice from the Defendant reporting that they no longer handled this account for American Express and

that future payments should be sent directly to the original creditor at their Fort Lauderdale, Florida address.  **See Exhibit "D" (notice) attached hereto**.

16. Around that same time, Defendant also returned the second payment made by Persels on behalf of the Plaintiff.

17. Upon return of the second payment to Persels & Associates, Defendant stated that they did not have authority to accept the settlement deal on behalf of American Express.

18. Plaintiff stated that collection calls started again by the Defendant in January, 2010 and continued throughout the month of March, 2010.

19. Defendant informed the Plaintiff that they could no longer work with Persels and demanded that the Plaintiff pay the debt himself.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

21. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

> §§1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person
>
> §§ 1692d(5): Caused the phone to ring or engaged any person in telephone conversations repeatedly
>
> §§1692e: Any other false deceptive, or misleading representation or means in connection with the debt collection
>
> §§1692e(10): Any false representation or deceptive means to collect a debt

§§1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Nationwide Credit, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

28. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

29. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

30. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

31. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

32. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

33. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

34. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

35. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
**VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 <u>et seq.</u>**

36. The foregoing paragraphs are incorporated herein by reference.

37. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

38. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

39. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

33. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

34. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendant violated the UTPCPL;

   b. Actual damages;

   c. Treble damages;

   d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: January 6, 2011**        **BY: /s/Bruce K. Warren BKW4066**
Bruce K. Warren, Esquire

**BY: /s/Brent F. Vullings BFV8435**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff